IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAJNINDER JUTLA,

    *Plaintiff*,

v.

    Case No. 24-4007-EFM-GEB

ACUMEN ASSESSMENTS, LLC, et al.,

    *Defendants*.

**MEMORANDUM AND ORDER**

    Before the Court are two motions filed by Plaintiff Rajninder Jutla. The first is a Motion to Proceed Without Prepayment of Fees (Doc. 13). The second is a Motion for Extension of Time for Notice of Appeal (Doc. 14). Because the Court finds that Plaintiff failed to show excusable neglect or good cause, the Court denies her motion to extend her time to file. Accordingly, the Court denies as moot her motion to proceed with her appeal without prepayment of fees.

**I.**    **Factual and Procedural Background**

    Plaintiff is a physician-surgeon. On January 19, 2024, Plaintiff filed a Complaint against Defendants Acumen Assessments, LLC; Dr. Scott Stacy; Dr. Michael Seely; Dr. John Whipple; and Dr. Peter Graham. Broadly, Plaintiff alleges that she suffered various injuries as the result of her fitness-for-duty evaluation conducted and reported by Defendants. On January 19, 2024, Plaintiff filed a motion with this Court requesting to proceed in forma pauperis. Because of that request, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Magistrate Judge examined whether Plaintiff's complaint stated a claim upon which relief could be granted. On July 1, 2024, the Magistrate Judge

filed her Report and Recommendation ("R&R") where she recommended dismissing Plaintiff's complaint for lack of diversity jurisdiction and failure to state a claim upon which relief could be granted. On July 12, 2024, Plaintiff timely filed her objections to the R&R.

On July 15, 2024, this Court adopted the R&R and ordered that Plaintiff's complaint be dismissed for failure to state a claim. As such, the Court found moot both Plaintiff's request to proceed in forma pauperis and the R&R's recommendation to dismiss for lack of diversity jurisdiction. On July 15, 2024, the Court entered judgment pursuant to that order.

On August 21, 2024, Plaintiff filed a Notice to Appeal (Doc. 10). On August 27, 2024, Plaintiff filed her Motion to Proceed [with Appeal] Without Prepayment of Fees and a supporting affidavit. On September 11, 2024, Plaintiff filed her Motion for Extension of Time for Notice of Appeal (Doc. 14).

## II.  Legal Standard

"In a civil case . . . the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment."[1] However, the district court can grant a 30-day extension upon a showing of excusable neglect or good cause.[2] Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers."[3] A pro se litigant is entitled to a liberal construction of her pleadings.[4] However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[5]

---

[1] Fed. R. App. P. 4(a)(1)(A).

[2] *See* Fed. R. App. P. 4(a)(5)(A).

[3] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[4] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.     Analysis

Plaintiff filed her notice of appeal 37 days after entry of judgment—seven days late. In her subsequent motion to extend time, she asserts that her delay should be excused for several reasons. First, she states that she "did not know about the possibility to appeal" and "was unaware of the 30 days deadline of which to file a notice of appeals. It was only recognized when she searched the internet to determine what her remedies were." Second, she asserts that she did not receive the "Order to Dismiss" until August 2, 2024, so "the 30 days' 'notice to appeal' clock should not start until August 2 when the Plaintiff received the emails of the Order." Finally, Plaintiff claims that an email she received from the Clerk's office "unintentionally led the Plaintiff to believe that her matter was at the permanent graveyard of dismissed cases." Although Plaintiff does not explicitly argue that her stated reasons for delay constitute excusable neglect or good cause, because she proceeds pro se, the Court will liberally construe her arguments as such.[6]

**A.     Plaintiff has not shown excusable neglect.**

The Court will first determine if Plaintiff's stated reasons constitute excusable neglect. Whether a party's neglect is excusable is an equitable determination.[7] A court must account for all relevant circumstances including "[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."[8]

---

[6] *See Walker v. U.S. Dep't of Agric.*, 2022 WL 17555411, at *1 (D. Kan. Dec. 9, 2022) ("If a court can reasonably read a pro se complaint in such a way that it could proffer a proper legal claim or defense, it should do so despite 'failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with the pleading requirements.'" (quoting *Hall*, 935 F.2d at 1110)).

[7] *United States v Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

[8] *Id.*

*1.     Prejudice to Defendants*

The first factor—danger of prejudice to the Defendants—tips against Plaintiff. Because Plaintiff's complaint was accompanied by a request to proceed in forma pauperis, she was not required to serve summons on Defendants. Instead, if her request was granted, the court would have ordered the U.S. Marshalls Service to serve the summons on Defendants. However, Plaintiff's request to proceed in forma pauperis was made moot by this Court's dismissal of her complaint. Thus, Defendants have not been served with Plaintiff's complaint, and presumably, remain unaware of the present litigation. Plaintiff's procedural decisions in prosecuting this action place the Defendants in the position of discovering their involvement for the first time on appeal. The unique procedural posture of this case—on the cusp of appeal absent initial service on Defendants—nudges this Court's analysis of prejudice across the threshold. Therefore, the Court finds that this factor weighs against Plaintiff.

*2.     Length of Delay*

Plaintiff filed her notice of appeal seven days late. There is no indication that this relatively short delay would cause a negative impact on the judicial proceedings. Therefore, this factor weighs in her favor.

*3.     Reason for Delay*

The Court now turns to the third and most important factor—reason for delay. "[F]ault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable."[9] Here, Plaintiff cites ignorance, misunderstanding, and delayed notice as the reasons for her delay.

---

[9] *Torres*, 372 F.3d at 1163 (quoting *City of Chanute, Kan. v. Williams Nat'l Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

Plaintiff first asserts she was initially unaware of the "possibility to appeal" and did not know of the 30-day time limit to file a notice of appeal. She states that she "searched throughout the [R&R] as well as the order from the Judge stating that the case was closed but did not find any information about an opportunity to appeal."[10] However, the Court has no affirmative duty to inform Plaintiff of her right to appeal in a civil case.[11] Further, "the Supreme Court said that inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect."[12] As such, Plaintiff's ignorance is not a sufficient reason to weigh this factor in her favor.

Next, Plaintiff argues that the Clerk's office "unintentionally led" her to believe her case was "at the permanent graveyard" when it offered her assistance in filing a new case in this District. The Court finds this argument unpersuasive and notes that the Clerk's Office is not responsible for advising Plaintiff of her legal remedies. Further, any misunderstanding Plaintiff may have had was quickly resolved when she "searched the internet" and recognized her opportunity to appeal. Accordingly, Plaintiff's misunderstanding of the Clerk's email does not support a finding of excusable neglect.

Finally, Plaintiff asserts that because she did not receive the Entry of Judgment until August 2, 2024, her 30-day timeline to file a notice of appeal should have begun on August 2, 2024. However, "[l]ack of notice of the entry does not affect the time for appeal."[13] Even accepting that

---

[10] Notably, the R&R states "[a] party must file any objections within the fourteen-day period if the party wants *to have appellate review of the [R&R]*" (emphasis added). Plaintiff demonstrated her understanding of this Notice when she timely filed her objections to the R&R.

[11] *See Martinez v. Cal. Court of* Appeals, 528 U.S. 152, 162 (2000) ("[T]he trial judge is under no duty to provide personal instruction on courtroom procedure."); *Douglas v. Day*, 436 F. Supp. 590, 590 (W.D. Okla. 1977) ("Neither the Federal Rules of Civil Procedure nor the Federal Rules of Appellate Procedure impose upon the trial judge the duty in a civil case to advise the litigants of the correct appellate procedures.").

[12] *Torres*, 372 F.3d at 1163 (further citations and quotations omitted).

[13] Fed. R. Civ. P. 77(d)(2).

Plaintiff did not receive the Entry of Judgment until August 2, 2024, Plaintiff had 12 days to timely file a one-page Notice of Appeal. Instead, she waited 19 days to research and discover the process to appeal. She provides no explanation as to why she could not have "searched the internet" in the 12 days following August 2, 2024. Absent such an explanation, the Court is left to conclude that Plaintiff was not diligent in pursuing her remedies.[14] Thus, Plaintiff's asserted delay in receiving the Entry of Judgment is not a sufficient reason for her delayed filing.

    *4.    Good Faith*

There is no indication that Plaintiff is acting in anything other than good faith. As such this factor weighs in her favor.

Considering all the relevant circumstances the Court finds that factors two and four weigh in Plaintiff's favor, while factors one and three weigh against her. Most significantly, Plaintiff's stated reasons for her delay are insufficient. Accordingly, the Court finds that Plaintiff's untimely Notice of Appeal was not the result of excusable neglect.

**B.    Good Cause**

The Court next addresses whether Plaintiff has shown good cause for her untimely Notice of Appeal. "[T]he good-cause standard applies only where 'the need for an extension results from forces outside the control of the movant.'"[15] Here, Plaintiff's need for an extension was not brought about by forces outside her control. She has not pointed to anything other than her misunderstanding of an email and unfamiliarity with the rules to excuse her delay. These are not forces outside her control. Thus, the Court does not find good cause for her delayed filing.

---

[14] *See United States v. Munoz*, 664 Fed. Appx. 713, 716 (10th Cir. 2016) (affirming, in a criminal case, a district court's denial of defendant's motion to extend time to file notice of appeal when defendant failed to file within three days after his delayed receipt of the appealable order).

[15] *Goldwyn v. Donahoe*, 562 Fed. Appx. 655, 657–58 (10th Cir. 2014) (quoting *Magraff v. Lowes HIW, Inc.*, 217 Fed. Appx. 759, 761 (10th Cir. 2007)).

-7-

Plaintiff fails to show excusable neglect or good cause warranting this Court's grant of an extension of time to file a notice of appeal. Therefore, the Court denies Plaintiff's Motion for Extension of Time for Notice of Appeal. Because her appeal remains untimely, the Court denies as moot Plaintiff's request to proceed with her appeal without prepayment of fees.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time for Notice of Appeal (Doc. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 13) is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated this 26thth day of September, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE